# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6353 | **DATE** | 5/23/2012 |
| **CASE TITLE** | Citimortgage vs. Salim | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, this case will be remanded to the Circuit Court of Cook County and the motions to dismiss [16 and 21] filed by Third-Party Defendants John Murray and the Village of Palos Park and Counter-Defendant Citimortage are stricken with leave to re-file in state court. The Clerk is directed to remand this case to the Circuit Court of Cook County. The status hearing set for 7/12/2012 also is stricken.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

**I.  Background**

Plaintiff Citimortage, Inc. commenced this action by filing a complaint in the Circuit Court of Cook County, Illinois, First Department, Law Division, on October 21, 2009. The complaint asserts a foreclosure action by Citimortgage against Defendant/Third-Party Plaintiff Michael Salim concerning property owned by Salim at 7832 West Oak Ridge Drive, Palos Park, Illinois 60464. In response to the complaint for foreclosure, on March 10, 2011, Salim filed a counter-claim against Citimortgage and a third-party complaint against Officer John Murray and the Palos Park Police Department. On August 18, 2011, Salim filed an amended counter-claim against Citimortgage and an amended third-party complaint against Officer John Murray and the Village of Palos Park. In Count I of his amended third-party complaint, Salim alleges a violation of 42 U.S.C. § 1983 against both Palos Park Officer John Murray and the Village of Palos Park. Salim alleges that Officer Murray assisted persons who stole property from Salim's residence during the foreclosure process and that the Palos Park Police Department has a custom and practice of allowing such unlawful removals of property. On the basis of Count I, Third-Party Defendant Village of Palos Park removed the action to this Court. Third-Party Defendants John Murray and the Village of Palos Park now move to dismiss Count I of Salim's third-party complaint, while Counter-Defendant Citimortgage moves to dismiss Count IV.

**II.  Analysis**

The Court need not address the two motions to dismiss currently pending before the Court. Although none of the parties raised this issue in their briefs, the Court has an independent "obligation to police subject matter jurisdiction *sua sponte*." *Pepsico Do Brasil, Ltda v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 847 (N.D. Ill. 2008); see also *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) ("'[i]t has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua*

| STATEMENT |
|---|

*sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings'") (quoting *Sadat v. Mertes,* 615 F.2d 1176, 1188 (7th Cir. 1980)). It is well established that, consistent with the policy favoring narrow construction of the removal statutes, the class of "defendants" authorized to remove a case under Section 1441(a) does not include third-party defendants. Simply put, "the substantial majority of the many judicial opinions that have dealt with the subject have consistently held that a third-party defendant cannot invoke removal jurisdiction at all—a view that is uniformly supported by the leading treatises on the subject[.]" *Easton Fin. Corp. v. Allen,* 846 F. Supp. 652, 653 (N.D. Ill. 1994); see also *Sturman v . Rush-Presbyterian-St. Luke's Med. Ctr.,* 128 F. Supp. 2d 1139, 1140 (N.D. Ill. 2001) (noting that "the large majority of federal courts * * * have consistently rejected removal proceedings sought to be instituted by * * * third-party defendants."). "The limitations in [28 U.S.C. § 1441(a)] have been interpreted strictly by the federal courts, who often speak of the right of removal being limited to 'true' defendants." 14C Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3731 (collecting cases). "[B]ecause subsection (a) [of Section 1441] * * * only allows a 'defendant' to remove a case and makes no express mention of 'third-party' defendants, the statute is strictly construed to preclude removal by third-party defendants." *Starr v. Prairie Harbor Dev. Co.,* 900 F. Supp. 230, 232 (E.D. Wis. 1995).

The view that Section 1441(a) does not permit removal by third-party defendants is supported not only by the policy favoring narrow construction of the removal statutes but also by the familiar principle that the scope of federal jurisdiction on removal is to be construed with an eye to preserving a plaintiff's choice of a state-court forum. The Seventh Circuit has observed that "[t]o allow * * * a * * * third-party action * * * to govern jurisdiction would potentially defeat the plaintiff's choice of forum and 'radically expand the class of removable cases.'" *Adkins v. Illinois Cent. R.R. Co.,* 326 F.3d 828, 836 (7th Cir. 2003) (quoting *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 832 (2002)). As a sister circuit put it, removal by third-party defendants is "akin to the tail wagging the dog," because it permits defendants named in ancillary claims in a case to defeat the forum chosen by a plaintiff as to the main claims in the case. *Lewis v. Windsor Door Co.,* 926 F.2d 729, 733 (8th Cir. 1991).

In *Thomas v. Shelton,* the Seventh Circuit observed that "in the broad run of third-party cases * * * the third-party defendant cannot remove the case under Section 1441(c)." 740 F.2d 478, 487 (7th Cir. 1984); accord *Palisades Collections LLC v. Shorts,* 552 F.3d 327, 332–35 (4th Cir. 2008); *First Nat. Bank of Pulaski v. Curry,* 301 F.3d 456, 463 (6th Cir. 2002). Although the court in *Thomas* noted that there may be exceptions, this case, in essence a foreclosure action, does not present one of the exceptions—such as where the United States is a party—that the court of appeals envisioned in *Thomas.* 740 F.2d at 487-88. Because this case was improperly removed by a third-party defendant, the Court directs the Clerk of the Court to remand this case to the Circuit Court of Illinois. The motions to dismiss [16 and 21] filed by Third-Party Defendants John Murray and the Village of Palos Park and Counter-Defendant Citimortgage are stricken with leave to re-file in state court.